IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERRY L. KUKOLY and | : | CIVIL ACTION |
| JOSEPH KUKOLY, h/w, | : | |
| | : | |
| Plaintiffs, | : | NO. 07-01644 |
| v. | : | |
| | : | |
| WORLD FACTORY, INC. | : | |
| | : | |
| and | : | |
| | : | |
| WAL-MART STORES EAST, L.P. | : | |
| | : | |
| Defendants. | : | |

**ORDER AND MEMORANDUM**

AND NOW, this 21st day of June, 2007, upon consideration of Defendant World Factory, Inc.'s ("World Factory") Motion to Dismiss Count IV (Punitive Damages) of the Complaint, and Defendant Wal-Mart Stores East, L.P.'s ("Wal-Mart") Motion to Dismiss Count IV of the Complaint, and Plaintiffs Sherry L. Kukoly and Joseph Kukoly's Response in opposition thereto, it is hereby ORDERED that Defendants' Motions to Dismiss are DENIED for the reasons that follow.

The issues before this court are whether Pennsylvania or Texas' substantive law should be applied to Count IV (Punitive Damages) of Plaintiffs' Complaint and whether Plaintiffs' Complaint states claims upon which relief could be granted under the applicable law. The court finds that Pennsylvania's substantive law applies because Pennsylvania has the most qualitative and significant contacts with the subject matter of this litigation. The court further finds that Plaintiffs' Count IV states claims upon which relief could be granted under Pennsylvania law.

1

## I. Factual Background

For purposes of this order and memorandum, the court accepts all of Plaintiffs' allegations as true and draws all reasonable inferences therefrom.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  Plaintiffs bring suit against Defendants World Factory and Wal-Mart for damages incurred as the result of an allegedly defective product manufactured by World Factory and subsequently purchased by Plaintiffs at a Wal-Mart store in Pennsylvania.  Allegedly, Defendant World Factory is a foreign corporation specializing in the import and development of Chinese products with its principal place of business in Texas.  Defendant Wal-Mart is a retail corporation authorized to do business in Pennsylvania, with its principal place of business located in Arkansas.

Plaintiffs allege that at some time prior to March of 2004, Defendant World Factory imported a wagon-type utility cart ("wagon") from China for distribution to retailers in the United States.  Plaintiffs allege that in or about March of 2004 they purchased the wagon from a Wal-Mart store in Allentown, Pennsylvania.  On or about April 19, 2005, while Plaintiff Shelly was inflating the tires of the wagon, the front left split-rim of the wheel allegedly separated and exploded, causing serious injuries to Ms. Kukoly's leg and hand.

Plaintiffs aver that Defendants sold the wagon to them in a defective condition, given its split-rim design and lack of applicable warnings.  They allege that World Factory and Wal-Mart had specific prior knowledge that there was a high risk of injury or death that would result from selling a wagon with such split-rim design.  Plaintiffs also allege that Defendants knew of facts that would lead a reasonable man to realize that this split-rim design not only created an

unreasonable risk of bodily harm, but also involved a high degree of probability that substantial harm would result from their selling this wagon for public use.

Lastly, Plaintiffs' Complaint alleges that Defendants knew that the Consumer Product Safety Commission had announced a recall of two similar wagons distributed and sold by other entities, and, in spite of this alleged knowledge, Defendants did not notify consumers of the dangers associated with a product they injected into Pennsylvania's stream of commerce.

## II.  Legal Standard for Motion to Dismiss

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73, (1984).  The court must accept all of plaintiff's allegations as true and draw all reasonable inferences therefrom.  See Jenkins, 395 U.S. at 421  ("[T]he material allegations of complaint are taken as admitted."); Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993) ("At all times in reviewing a motion to dismiss we must 'accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.'" (quoting Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990))).

## III.  Discussion

This court applies the choice of law rules of Pennsylvania.  When exercising diversity jurisdiction, a court must apply the choice of law rules of the forum state in determining which state's law to apply to the substantive issues before it.  Klaxon Co. v. Stentor Electric Mfg. Co.,

313 U.S. 487 (1941). Defendants argue that Texas' substantive law should be applied to the punitive damages claim and that Pennsylvania's substantive law would be the appropriate rule of decision for the other substantive legal aspects of the case. Defendants urge the application of "depecage," in which different states' laws may apply to different issues in a single case. See Berg Chilling Sys., Inc. v. Hull Corp., 435 F.3d 455, 467 (3d Cir. 2006).

Pennsylvania's choice of law analysis consists of three parts. First, the court must determine whether a real conflict exists, that is, whether these states would actually treat this issue any differently. Hammersmith v. TIG Insurance Co., 480 F.3d 220, 230 (3d Cir. 2007). Second, the court must look to see whether the conflict is true, false, or an unprovided for situation. Id. at 230. A false conflict exists where only one jurisdiction's governmental interests would be impaired by the application of the other jurisdiction's law. LeJune v. Bliss-Salem, Inc., 85 F.3d 1069, 1071 (3d Cir. 1996). A true conflict exists where both jurisdiction's governmental interests would be impaired by the application of the other jurisdiction's law. Id.

Here, a true conflict exists between Texas and Pennsylvania as to the issue of punitive damages. Texas has a legislative cap on punitive damages whereas Pennsylvania does not. Compare Tex. Civ. Prac. & Rem. Code Ann. § 41.008 (2003), with Shiner v. Moriarty, 706 A.2d 1228, 1241 (Pa. Super. 1998) (finding that a punitive damages award must be reasonably related to the state's interest in punishing and deterring the particular behavior of the defendant and not the product of arbitrariness or unfettered discretion). Texas also has a higher standard of proof for punitive damages claims. Under Texas law, an award of punitive damages must be based on "clear and convincing evidence." Compare Tex. Civ. Prac. & Rem. Code Ann. § 41.001(2) and 41.003, with Slappo v. J's Dev. Assoc., Inc., 791 A.2d 409, 417 (Pa. Super 2002) (explaining

that issue of punitive damages should submitted to the jury if the plaintiff has presented sufficient evidence from which a jury could reasonably conclude that the defendant acted outrageously).

The underlying policy of Pennsylvania's punitive damages scheme is to protect its citizens from defective products and to encourage manufacturers to produce safe products. LeJune, 85 F.3d at 1071. The underlying policy of Texas' punitive damages scheme is to provide a measure of predictability by narrowing the range of punitive damages awarded to a plaintiff and, in part, to promote the interests of industry. 1987 Tex. Sess. Law Serv. 70 Leg., 1st C. Sess., ch. 2, § 1.01(a)(3)(F) (West); Waste Disposal Ctr., Inc. v. Larson, 74 S.W.3d 578, 588 (Tex. App. 2002). Both state's governmental interests would be impaired by the application of each other's law.

Next, because a true conflict exists, the court examines which state has a greater interest in having its law applied. LeJune, 85 F.3d at 1072. In making this determination, courts look to what contacts each state has with the accident. Id. The contacts are relevant if they relate to the policies and interests underlying the particular issue before the court. Id. Such contacts include the place of injury, place of conduct, domicile of the parties, and the place where the relationship between the parties is centered. Broome v. Antlers Hunting Club, 595 F.2d 921, 924 (3d Cir. 1979). In addition, where the site of an accident is non-fortuitous, the place of injury assumes much greater importance and, in some instances, may be determinative. LeJune, 85 F.3d at 1072 (citing Shields v. Consolidated Rail Corp., 859 F.2d 266, 272 (3d Cir. 1988)).

In the present case, the allegedly defective product was distributed and sold in Pennsylvania and the injury occurred in Pennsylvania. Plaintiffs are domiciled in Pennsylvania,

Wal-Mart conducts business in Pennsylvania, and World Factory places products into the stream of commerce where it is reasonably foreseeable its products will end up in Pennsylvania. Plaintiffs did not travel to World Factory's home state of Texas to purchase the allegedly defective wagon. Instead, the Plaintiffs traveled to a local Wal-Mart store in their domicile, the Commonwealth of Pennsylvania.

With regards to the "place of conduct contact," at this stage in the proceedings it is unclear where this conduct occurred. It may have occurred in China, at one of the five Wal-Mart distribution centers, or at the local Allentown Wal-Mart store. Regardless, the contacts most relevant to this analysis are those that relate to the interests and policies underlying Pennsylvania and Texas' tort laws. Therefore, the most relevant contacts here are the domicile of the parties, the place of injury, and the place where the relationship is centered, which are all in Pennsylvania.[1] If Texas law were applied here, it would undermine Pennsylvania's interest in discouraging companies from bringing dangerous products into the Commonwealth.

In Pennsylvania, the issue of punitive damages should be submitted to the jury if the plaintiff presents sufficient evidence from which a jury could reasonably conclude that the defendant acted outrageously. Slappo, 791 A.2d at 417. Applying Pennsylvania law to Count IV of the Plaintiffs' Complaint, and accepting all of the Plaintiffs' allegations as true and drawing all reasonable inferences therefrom, the court finds that Plaintiffs can present sufficient evidence

---

[1] Defendants' reliance on Kelly v. Ford Motor Co., 933 F. Supp 465 (E.D. Pa. 1996), is misplaced. Here, unlike in Kelly, the facts regarding the "place of conduct" contact are in dispute. Texas may have very little, if any, contacts with this alleged incident other than being the state where World Factory has its principal place of business.

from which a jury could reasonably conclude that the Defendants acted outrageously and therefore can state a claim upon which relief could be granted.

Accordingly, Defendants' Motions to Dismiss are denied.

BY THE COURT:

<u>      S/ James T. Giles      </u>
                                                    J.